

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| LLOYD SCOTT MAIER, | ) | CV 08-26-H-DWM-RKS |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| MARTY MAURINAC, et al., | ) | |
| Defendants. | ) | |

Plaintiff Maier has filed a Complaint alleging constitutional violations under 42 U.S.C. § 1983 as well as violations of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), the Religious Freedom Restoration Act ("RFRA"), and the Americans with Disabilities Act ("ADA"). The claims arise from prison officials' alleged interference with Plaintiff's exercise of his religion, harassment of the Plaintiff, denial of due process at a grievance hearing, and failure to accommodate Plaintiff's hearing and mental

-1-

disabilities.

United States Magistrate Judge Keith Strong conducted preliminary screening of the Complaint as required by 28 U.S.C. § 1915(e)(2). Under that statute, the court engages in a preliminary screening to assess the merits of the claims and identify cognizable claims, or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Judge Strong issued Findings and Recommendations in which he recommends service of the Plaintiff's constitutional free exercise and RLUIPA claims and his ADA claim, and recommends dismissal of the due process and harassment counts for failure to allege facts rising to the level of a constitutional violation. Judge Strong also recommends dismissal of the RFRA claim because the statute was struck down as applied to states in City of Boerne v. Flores, 521 U.S. 507 (1997).

Plaintiff Maier did not timely object and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000). I can find no clear error with Judge Strong's Findings and Recommendations and therefore adopt them in full.

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's claims against Defendants Browning and Biggs are DISMISSED.

2. Plaintiff's second claim regarding harassment is DISMISSED WITH PREJUDICE for failure to state a claim.

3. Plaintiff's due process claims alleged in Count 3 of his Complaint is DISMISSED WITH PREJUDICE for failure to state a claim.

DATED this 24th day of June, 2008.

Donald W. Molloy, District Judge
United States District Court