IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

_____

| | |
|---|---|
| LLOYD SCOTT MAIER, | Cause No. CV 08-26-H-DWM-RKS |
| Plaintiff, | **ORDER AND FINDINGS AND RECOMMENDATION OF** |
| vs. | **UNITED STATES MAGISTRATE JUDGE TO DISMISS COUNT FOUR** |
| MARTIN MAVRINAC, et. al., | |
| Defendants. | |

_____

This matter comes before the Court on Defendants Mavrinac, Steyh, Swanson, Young and Wood (hereinafter "Defendants")'s Motion to Dismiss Count Four of Plaintiff Lloyd Maier's Complaint for failure to exhaust administrative remedies (Document 15) and Defendants' Motion for Leave to Correct Names (Document 18).  Plaintiff is a pro se prisoner who filed a Motion to Proceed In Forma Pauperis (Document 1) and a Complaint pursuant to 42 U.S.C. § 1983 (Document 2) on April 8, 2008.  Plaintiff's motion to proceed in forma pauperis was granted on April 15, 2008.  The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

Plaintiff responded to Defendants' Motion indicating that he agreed to the dismissal of Count Four, however, he would like the opportunity to refile at a later date.  He also asks the Court to "leave open for latter [sic] fillings [sic] and still be able to discovery on this issue." (Document 23, p. 2).

Given the conditional nature of Plaintiff's response, the Court will address the merits of

Defendants' motion. Plaintiff is advised that the Court is going to recommend the dismissal of Count Four of his Complaint <u>without prejudice</u>. "Without prejudice" means that Plaintiff can file a new lawsuit rising his the ADA claim contained in Count Four anytime within the applicable statute of limitations. However, Plaintiff will not be allowed to amend this his current lawsuit to re-bring his ADA claim at a later date. The Prison Litigation Reform Act of 1995 provides that, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also* *Woodford v. Ngo*, 126 S.Ct. 2378 (2006). Exhaustion must occur *prior* to filing suit. *McKinney v. Carey,* 311 F.3d 1198, 1199-1201 (9th Cir. 2002). As Plaintiff's ADA claims were not exhausted prior to filing this lawsuit, they can never be raised in this lawsuit.

Plaintiff is also advised that Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that,

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.

Thus, generally speaking discovery is limited to pending claims.

Given Plaintiff's response to Defendants' Motion and Defendants' representation in their motion that Plaintiff acknowledged that he did not file a grievance relating to the claims in Count Four, the Court will presume that Plaintiff has not exhausted his administrative remedies with regard to Count Four of the Complaint.

The PLRA's exhaustion requirement is set forth in § 1997e(a), which states that:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524-25, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001).

The PLRA is applicable in this case and therefore Plaintiff would have had to exhaust all available administrative remedies prior to filing this lawsuit.

Plaintiff conceded that he did not file an administrative grievance regarding his claims in Count Four in his Complaint. Moreover, Defendants have produced the sworn testimony of Cynthia Davenport, the ADA coordinator at MSP, indicating that Plaintiff did not file a grievance complaint that the prison failed to treat a medical condition or that he was misdiagnosed because of a hearing impairment and that Plaintiff did not file a grievance relating to a claim that he had a mental illness. (Document 16-2, ¶¶11-14). Therefore, Count Four of Plaintiff's Compliant should be dismissed without prejudice for failure to exhaust administrative remedies.

Based on the foregoing, the Court issues the following:

**ORDER**

Defendants' Motion for Leave to Correct Names (Document 18) is **GRANTED**. The record should reflect the correct spelling of Martin Mavrinac's first and last names, the correct spelling of Tom Wood's last name and to include the first name of Dell Young.

The Court also issues the following:

## RECOMMENDATION

Defendants' Motion to Dismiss Count Four of Plaintiff's Complaint (Document 15) should be **GRANTED**.  Court Four of Plaintiff's Complaint and Defendants Young and Wood should be **DISMISSED WITHOUT PREJUDICE.**

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to [28 U.S.C. § 636(b)(1)](), Plaintiff may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge.

Plaintiff must keep the Court informed of his current mailing address while the action remains pending.

DATED this 27th day of June, 2008.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge