IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

_____

| | |
|---|---|
| LLOYD SCOTT MAIER, | Cause No. CV 08-26-H-DWM-RKS |
| Plaintiff, | **FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO GRANT DEFENDANTS MACDONALD AND MECKLING'S MOTION TO DISMISS CLAIMS FOR INJUNCTIVE AND DECLARATORY RELIEF** |
| VS. | |
| MARTIN MAVRINAC, et. al., | |
| Defendants. | |

_____

This matter comes before the Court on Defendants MacDonald and John Meckling's

Motion to Dismiss Plaintiff's claims for injunctive and/or declaratory relief pursuant to

Fed.R.Civ.P. 12(b)(6).  (Document 26).  Plaintiff is a pro se prisoner who filed a Motion  to

Proceed In Forma Pauperis (Document 1) and a Complaint pursuant to 42 U.S.C. § 1983

(Document 2) on April 8, 2008.  Plaintiff's motion to proceed in forma pauperis was granted on

April 15, 2008.  The Court has jurisdiction pursuant to 28 U.S.C. § 1331.  Plaintiff has not

responded to Defendants' Motion.

## I. PLAINTIFF'S ALLEGATIONS

The allegations against Defendants MacDonald and Meckling are that Plaintiff was

denied his right to practice his religion while incarcerated in Administrative Segregation at

Crossroads Correctional Center in violation of the First Amendment and the Religious Land Use

and Institutionalized Persons Act ("RLUIPA").  (Document 2-2, p. 1).

## II. ANALYSIS

### A. Standard

Defendants MacDonald and Meckling filed their Motion to Dismiss pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure, requesting that the Court dismiss Plaintiff's

claims for injunctive and/or declaratory relief for lack of standing since Plaintiff has been

transferred out of Crossroads Correctional Center.  In ruling on Defendant's Motion to Dismiss,

review is limited to the contents of Plaintiff's Complaint.  _Clegg v. Cult Awareness Network_, 18

_F.3d 752, 754 (9th Cir. 1994)_.  Plaintiff's factual allegations must be taken as true and construed

in the light most favorable to Plaintiff.  _Livid Holdings Ltd. v. Salomon Smith Barney, Inc._, 416

_F.3d 940, 946 (9th Cir. 2005)_.  Dismissal is not appropriate "unless it appears beyond doubt that

the plaintiff can prove no set of facts in support of the claim entitling plaintiff to relief."  _Id., at_

_946_.  A complaint does not need to include detailed facts to survive a Rule 12(b)(6) motion to

dismiss.  _Bell Atlantic Corp. v. Twombly_, 127 S.Ct. 1955, 1965. (2007).  However, in providing

grounds for relief, a plaintiff must do more than recite the formulaic elements of a cause of

action.  _Id._ at 1966.  The plaintiff must include enough facts to raise a reasonable expectation that

discovery will reveal evidence.  In other words, the plaintiff must allege enough facts to state a

claim for relief that is plausible on its face.  *Id.* at 1974.  "[C]onclusory allegations without more

are insufficient to defeat a motion to dismiss for failure to state a claim."  *McGlinchy v. Shell*

*Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

When a plaintiff appears pro se, the court has an obligation to construe the plaintiff's

complaint liberally.  *See Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir.  2003);

*Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir.  2003) (same).  "'A *pro se* complaint, however

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

lawyers.'" *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007)(quoting *Estelle v. Gamble*, 429 U.S.

97, 106, 97 S.Ct. 285 (1976)); *Cf*. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed

as to do substantial justice").  Pro se plaintiffs in a civil rights action must be afforded the benefit

of any doubt.  *See Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988).

"A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear

that the deficiencies of the complaint could not be cured by amendment.' " *Id.* (quoting *Noll v.*

*Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

**B.  Merits**

Defendants argue that Plaintiff's claims for declaratory and injunctive relief with regard

to the policies and procedures at Crossroads Correctional Center should be dismissed because

there is a lack of a justiciable case or controversy.  A case or controversy must exist throughout

all stages of a litigation. *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998)

(citing *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78, 110 S.Ct. 1249, 108 L.Ed.2d 400

(1990)) (holding that a former prisoner's release from prison rendered his habeas petition moot

because there was no longer a case or controversy as required by Article III, § 2 of the

Constitution).  If at any time during the course of litigation, the plaintiff ceases to suffer, or be

threatened with, "an actual injury [that is] traceable to the defendant," and that is "likely to be

redressed by a favorable judicial decision," the matter is moot. *Spencer*, 523 U.S. at 7; *see also*

*Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (holding that a prisoner's civil rights action

seeking injunctive relief that was brought under 42 U.S.C. § 1983 was moot because, after

having been transferred from state to federal custody, he was no longer subject to the regulations

that he sought relief from). When a prisoner seeking injunctive relief from a certain prison's

actions ceases to be housed in that facility, the case or controversy then ceases to exist and the

matter is moot. *Johnson*, 948 F.2d at 519.

Accordingly, the Court issues the following:

## RECOMMENDATION

Defendants' MacDonald and Meckling's Motion to Dismiss (Document 26) should be

**GRANTED**.  Plaintiff's claims for injunctive and declaratory relief as sought against Crossroads

Correctional Center should be **DISMISSED.**

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this

Findings and Recommendations within ten (10) business days of the date entered as indicated on

the Notice of Electronic Filing.  A district judge will make a de novo determination of those

portions of the Findings and Recommendations to which objection is made.  The district judge

may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to

timely file written objections may bar a de novo determination by the district judge.

Plaintiff must keep the Court informed of his current mailing address while the action

remains pending.

DATED this <u>25th</u> day of September,  2008.


<u>/s/ Keith Strong</u>
Keith Strong
United States Magistrate Judge