

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| LLOYD SCOTT MAIER, | ) | CV 08-26-H-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| ROSS SWANSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Maier has filed a Complaint under 42 U.S.C. § 1983 raising

constitutional free exercise and Religious Land Use and Institutionalized Persons

Act of 2000 ("RLUIPA") claims.  Maier and Defendants MacDonald and

Meckling[1] filed cross-motions for summary judgment.  United States Magistrate

Judge Keith Strong issued Findings and Recommendations on April 10, 2009, in

---

[1] The use of the term "Defendants" refers only to Defendants MacDonald and Meckling. The remaining Defendants' motions are addressed separately.  In addition, Defendant MacDonald, who was sued only in an official capacity, has now been replaced by Defendant Law.

which he recommends granting Defendants' motion for summary judgment and denying Maier's motion. Maier timely objected and therefore is entitled to de novo review of those portions of the Findings and Recommendation to which he objected. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendation not specifically objected to will be reviewed for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981).

Maier's claims against these Defendants arise from their actions denying him access to tarot cards while he was in administrative segregation. Administrative segregation involves restrictions on the property an inmate may have while in segregation, including a restriction on some religious materials such as tarot cards. Maier asserts the restriction on tarot cards violates his First Amendment right to free exercise of religion, as well as RLUIPA.

As to Maier's First Amendment claims, Judge Strong recommended granting summary judgment for Defendants because there is a rational connection between the restriction and the Defendants' legitimate government interest in maintaining security and discipline. See Turner v. Safley, 482 U.S. 78, 89-91 (1987). Judge Strong also found Maier had alternative means to practice his religion, and he did not offer any less restrictive measures that could have been implemented. Id. As to the RLUIPA claim, Judge Strong found the government's

interests were compelling and utilized the least restrictive means available. <u>See</u> <u>Warsoldier v. Woodford</u>, 418 F.3d 989, 995 (9th Cir. 2005). Finally, Judge Strong found there was no merit to Maier's equal protection claim, as discussed further below.

Maier objects to Judge Strong's findings, arguing that it is inconsistent to allow prisoners in administrative segregation to have access to Bibles, while he was denied access to tarot cards. The objection applies to his claim the Defendants violated his right to equal protection. However, I agree with Judge Strong that the Defendants provided Maier with "'a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts.'" <u>Freeman v. Arpaio</u>, 125 F.3d 732, 737 (9th Cir. 1997) (quoting <u>Cruz v. Beto</u>, 405 U.S. 319, 322 (1972)). While in administrative segregation, he was provided with other religious texts and religious counseling. His equal protection claim fails.

I find no clear error with Judge Strong's remaining Findings and Recommendations. Accordingly,

IT IS HEREBY ORDERED that Judge Strong's Findings and Recommendations (dkt #91) are adopted in full. Maier's Motion for Summary Judgment (dkt #56) is DENIED and Defendants' Cross Motion for Summary Judgment (dkt #68) is GRANTED.

IT IS FURTHER ORDERED that Defendants Law and Meckling are

DISMISSED.

DATED this __14__ day of May, 2009.


_____
Donald W. Molloy, District Judge
United States District Court